IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ALLEN VANDERPOOL, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>JASON SMOAK, )<br>)<br>  Defendant. ) | CASE NO. 1:25-CV-187-WKW<br>[WO] |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for a More Definite Statement. (Doc. # 17.) For the reasons explained, the motion will be granted in part and denied in part.

**I.  Subject Matter Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

**II.  Plaintiff's Complaint**

Plaintiff Christopher Allen Vanderpool filed this action against Jason Smoak for alleged constitutional violations occurring during his confinement at the Houston County Jail in Dothan, Alabama. (Doc. # 1 at 2.) Using a preprinted form for initiating civil rights actions based upon constitutional violations, Plaintiff alleges that his rights were violated due to "discriminatory actions" related to his placement as an inmate worker. (Doc. # 1 at 2.) The specific date of the alleged violation is

January 15, 2025. (Doc. # 1 at 2.) Plaintiff seeks injunctive relief to prevent retaliation or further discrimination, changes in procedures used at the Houston County Jail regarding inmate work assignments, and compensation for emotional distress and mental anguish. (Doc. # 1 at 4.)

Plaintiff provides additional details on a separate sheet, describing issues from December 13, 2024, to after February 7, 2025, concerning his placement as an inmate worker "on the floor crew" and the grievance process he pursued. (Doc. # 1-1 at 1.) He says that when he requested to "move from the floor crew to kitchen," he was informed that he needed a medical clearance. (Doc. # 1-1 at 1.) However, he received inconsistent answers about whether he had been medically cleared. Plaintiff says he filed multiple grievances about his inmate-worker status but that the grievances were dismissed on grounds that an assignment as an inmate worker "is not a right," but a privilege. (Doc. # 1-1 at 1.)

### III. Defendant's Motion for a More Definite Statement

Defendant moves the court under Rule 12(e) to require Plaintiff to clarify the Complaint, arguing that it lacks "factual and legal specificity." (Doc. # 17 at 1.) Defendant criticizes the Complaint as being vague and conclusory, lacking details about the legal basis for the claims, and missing specifics regarding the time, place, and manner of the alleged conduct. Defendant contends that, while the Complaint alleges wrongful and discriminatory conduct when Plaintiff was denied "the inmate

worker assignment he requested" and when his grievances were denied, it contains only "generalized assertions of wrongdoing" and "constitutional violations" and fails to identify the statutory basis for the claims or specify the relief sought. (Doc. # 17 at 2–3.)

Additionally, Defendant argues that the Complaint constitutes an impermissible "shotgun pleading" in that it fails to provide adequate notice of the claims and the grounds upon which each claim rests. (Doc. # 17 at 3.) He further contends that the lack of factual coherence in the Complaint prevents him from formulating an adequate response or asserting appropriate defenses. Hence, Defendant requests the court to order Plaintiff to file a more definite statement detailing "each specific claim," "the factual basis for each claim, including dates and persons involved," "which defendant each claim is directed," and "the relief sought." (Doc. # 17 at 3.)

## IV.  Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion . . . must point out the defects complained of and the details desired." *Id.*

The standard for granting a Rule 12(e) motion focuses on whether the pleading is unintelligible, rather than lacking in detail. *Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1318 (M.D. Fla. 2019). Additionally, Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In the federal system, notice pleading is used, meaning that a pleading must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Motions for a more definite statement generally are disfavored due to liberal discovery practices. *Scarfato v. The Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

Courts should grant, however, a Rule 12(e) motion when a complaint is a "shotgun pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (explaining the defendants' options when faced with a shotgun pleading, including that they can move for a more definite statement); *see generally Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'") (citing Fed. R. Civ. P. 8(a)(2),

10(b)).[1]  Finally, although pleadings by *pro se* litigants are subject "to less stringent standards than formal pleadings drafted by lawyers," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they still must comply with the Federal Rules of Civil Procedure.  *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014).

## V.   Discussion

Defendant has expressed multiple concerns about imprecisions in Plaintiff's pleading.  Although most of the concerns lack merit, the Complaint's failure to specify Defendant's particular actions or omissions deprives Defendant of fair notice of the claims against him.

For example, contrary to Defendant's unwarranted concerns, the Complaint does not exhibit the characteristics of a typical shotgun pleading.  First, the Complaint, designed as a form for *pro se* inmates, is organized into six sections, seeking information about prior lawsuits, the inmate's current place of confinement, the location where the incident occurred, the individuals involved in the alleged

---

[1] In *Weiland*, the Eleventh Circuit identified four categories of shotgun complaints, namely, (1) those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separat[e] into a different count each cause of action or claim for relief"; and (4) those that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against."  792 F.3d 1321–23 (citations omitted)).

violation of the inmate's constitutional rights, the grounds for the claims, and the timeframe of the alleged violations. (*See generally* Doc. # 1.) Due principally to Plaintiff's adherence to its form-based nature, the Complaint does not incorporate all preceding allegations into each count. Instead, it sets forth specific allegations for alleged constitutional violations arising from the denials of Plaintiff's work assignment requests and related grievances. Second, the claims connect the alleged discriminatory actions in his inmate work assignments to a violation of constitutional rights. Although the Complaint does not explicitly reference any constitutional amendment or 42 U.S.C. § 1983, the allegations are clear enough for Defendant to discern the rights involved. Third, the Complaint names only one Defendant, Jason Smoak, and does not assert claims against multiple parties. Therefore, it is unnecessary for Plaintiff to specify to *which defendant* each claim is directed, as there is only one Defendant involved. (Doc. # 17 at 4.)

The Complaint is, however, vague and ambiguous as to how Defendant's actions violated the United States Constitution. *See* Fed. R. Civ. P. 12(e). The Complaint must state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation and internal quotation marks omitted). Additionally, supervisory officials cannot be held "liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v.*

6

*Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (citation and internal quotation marks omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* (citation and internal quotation marks omitted).

The Complaint does not adequately inform Defendant of his role in the alleged constitutional violations. The Complaint is written in the passive voice and fails to mention Defendant. Although Plaintiff alleges discriminatory actions related to his placement as an inmate worker and the denials of grievances, the Complaint does not specify the actions or omissions attributed to Defendant himself or include any details about his connection to the Houston County Jail. Additionally, if Plaintiff seeks to establish liability against Defendant in a supervisory role for the actions of his subordinates, the Complaint must allege either Defendant's personal participation or a causal connection to the alleged constitutional violation. The absence of these allegations leaves Defendant without enough information to understand his role in the alleged constitutional violations, hindering his ability to prepare an appropriate defense.

## VI. Conclusion

Based on the foregoing, it is ORDERED that Defendant's Motion for a More Definite Statement (Doc. # 17) is GRANTED in part, and Plaintiff is ORDERED to file, **on or before July 22, 2025**, a more definite statement in accordance with the directives herein.  The motion otherwise is DENIED.

Plaintiff is expressly cautioned that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 30th day of June, 2025.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE